UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **T.G.**, on behalf of herself and all others similly situated, <br><br>    Plaintiff, <br><br> v. <br><br> **SUMMIT HEALTH MANAGEMENT LLC; META PLATFORMS, INC.; GOOGLE LLC; PUBMATIC, INC.; MICROSOFT CORPORATION; and MAGNITE, INC.,** <br><br>    Defendants. | **Civil Action No. 24-6972 (JXN) (CLW)** |
| **VICTORIA ANDRETTA**, individually and on behalf of all others similarly situated, <br><br>    Plaintiff, <br><br> v. <br><br> **SUMMIT HEALTH MANAGEMENT LLC d/b/a/ CITYMD,** <br><br>    Defendant. | **Civil Action No. 24-9039 (JXN) (CLW)** |

**ORDER CONSOLIDATING *T.G.* AND *ANDRETTA* AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL**

**CATHY L. WALDOR, U.S.M.J.**

This comes before the Court upon Plaintiffs' Motion to Consolidate and to Appoint Interim Co-Lead Class Counsel. (ECF No. 53). In accordance with Federal Rule of Civil Procedure 78

and Local Civil Rule 78.1, the Court resolves this application without oral argument. Upon careful consideration of the record for this matter, and for good cause shown, and

**WHEREAS** Plaintiffs filed an unopposed Motion to Consolidate *T.G. v. Summit Health Management, LLC*, Case No. 2:24-CV-06972 (D.N.J.) and *Andretta v. Summit Health Management, LLC*, Case No. 2:24-cv-9039 (D.N.J.) into the first-filed action, *T.G. v. Summit Health Management, LLC*, Case No. 2:24-CV-06972 (D.N.J.), and respectfully requested the consolidated matter be re-captioned as *In re CityMD Data Privacy Litigation* (the "Action"); and

**WHEREAS** subject to the Court's approval of the consolidation of *T.G. v. Summit Health Management, LLC*, Case No. 2:24-CV-06972 (D.N.J.) and *Andretta v. Summit Health Management, LLC*, Case No. 2:24-cv-9039 (D.N.J.), Plaintiffs desire to file a Consolidated Amended Complaint within thirty (30) days of the entry of an order; and

**WHEREAS** subject to the Court's approval of the consolidation of *T.G. v. Summit Health Management, LLC*, Case No. 2:24-CV-06972 (D.N.J.) and *Andretta v. Summit Health Management, LLC*, Case No. 2:24-cv-9039 (D.N.J.), and the subsequent filing of a Consolidated Complaint, Plaintiffs desire to align a schedule to answer, move or otherwise respond to the Consolidated Complaint for Defendants Summit Health Management LLC ("CityMD"), Meta Platforms, Inc. ("Meta"), Google LLC ("Google"), Pubmatic, Inc. ("Pubmatic"), Microsoft Corporation ("Microsoft") and Magnite, Inc. ("Magnite") (collectively, "Defendants"); and

**WHEREAS** Plaintiffs in *Andretta v. Summit Health Management, LLC*, Case No. 2:24-cv-9039 (D.N.J.) and *T.G. v. Summit Health Management, LLC*, Case No. 2:24-CV-06972 (D.N.J.) filed an unopposed Motion to Appoint Interim Co-Lead Class Counsel, requesting the appointment of Blake Yagman of Sterlington, PLLC, Joseph J. DePalma of Lite DePalma Greenberg &

Afanador, LLC, and David S. Almeida of Almeida Law Group LLC as Interim Co-Lead Counsel in the proposed consolidated Action; and

**WHEREAS** Plaintiffs' requested leadership for the Action satisfies the standards for appointment to the respective positions pursuant to Federal Rule of Civil Procedure 23(g); and

**WHEREAS** the appointment of this leadership will best serve the interests of all Plaintiffs and the proposed putative classes and will enable the orderly and efficient progress of the litigation in the Action,

**IT IS on this 17th day of December, 2024,**

**ORDERED** that the Court consolidates *T.G. v. Summit Health Management, LLC*, Case No. 2:24- CV-06972 (D.N.J.) and *Andretta v. Summit Health Management, LLC*, Case No. 2:24-cv-9039 (D.N.J.) into the first-filed action, *T.G. v. Summit Health Management, LLC*, Case No. 2:24-CV-06972 (D.N.J.); and it is further

**ORDERED** that the consolidated matter shall be re-captioned as *In re CityMD Data Privacy Litigation*; and it is further

**ORDERED** that, in the event that any subsequently filed, removed or transferred actions brought on behalf of plaintiffs are related to the claims in this action, any interested party may make an informal application to the undersigned seeking consolidation into the *In re CityMD Data Privacy Litigation* Action; and it is further

**ORDERED** that Plaintiffs shall file a Consolidated Complaint under the caption *In re CityMD Data Privacy Litigation* **on or before January 17, 2025**; and it is further

**ORDERED** that certain Defendants have indicated to Plaintiffs their intention to file motions to sever and/or transfer. Any Defendant must file such motion(s) on or before thirty (30) days after the filing of Plaintiffs' Consolidated Complaint. If any such motion is filed, Plaintiffs

will file any opposition(s) on or before thirty (30) days thereafter. Any reply(ies) in support of such motion(s) shall be filed on or before fifteen (15) days after the filing of Plaintiffs' opposition(s); and it is further

**ORDERED** that any deadlines Defendants currently have to answer, move or otherwise respond to *T.G. v. Summit Health Management, LLC*, Case No. 2:24-CV-06972 (D.N.J.) or *Andretta v. Summit Health Management, LLC*, Case No. 2:24-cv-9039 (D.N.J.), shall be stayed pending consolidation and Plaintiffs' filing of a Consolidated Complaint, as described herein. Following consolidation, Defendants' deadlines to answer or otherwise respond to the forthcoming Consolidated Complaint shall be stayed pending resolution of any and all motions to sever and/or transfer; and it is further

**ORDERED** that following resolution of the motions to sever and/or transfer, if any Defendant seeks to file a motion to dismiss the Consolidated Complaint, that Defendant must comply with the Hon. Julien X. Neals, U.S.D.J.'s Rules and Procedures – including His Honor's Pre-Motion Conference requirement; and it is further

**ORDERED** that the Court makes the following appoints in the Action pursuant to Federal Rule of Civil Procedure 23(g)(3):

**Interim Co-Lead Class Counsel**

- Blake Yagman of Sterlington, PLLC;
- Joseph J. DePalma of Lite DePalma Greenberg & Afanador, LLC; and
- David S. Almeida of Almeida Law Group LLC

These appointments apply to the individual attorneys and firms. The Court may add or replace the appointed individuals or firms upon request of Interim Co-Lead Class Counsel or on the Court's own motion where circumstances warrant; and it is further

**ORDERED** that Interim Co-Lead Class Counsel shall be responsible, in their discretion, for coordinating pre-trial activities on behalf of all Plaintiffs and the proposed putative classes in the Action, and shall:

a. Determine, and present to the Court and Defendants, Plaintiffs' position on all matters during pre-trial proceedings (whether by brief, oral argument, or other manner, personally or by a designee);

b. Coordinate and conduct discovery on behalf of Plaintiffs consistent with the requirements of Federal Rule of Civil Procedure 26, including propounding and responding to written discovery and noticing, taking, and defending depositions;

c. Coordinate, direct, and monitor the work of all Plaintiffs' counsel to ensure the efficient, orderly, non-duplicative, and cost-effective prosecution of Plaintiffs' claims;

d. Conduct and coordinate settlement negotiations, and enter into any settlement agreements on behalf of Plaintiffs and the proposed classes;

e. Enter into stipulations with opposing counsel and any non-party counsel for the conduct of the litigation;

f. Prepare and distribute periodic status reports to parties as needed;

g. Maintain adequate time and disbursement records covering services for Plaintiffs' counsel;

h. Appoint any committees to handle specific tasks or areas of responsibility as appropriate;

i. Allocate among Plaintiffs' counsel any award of attorney's fees and expenses; and

j. Perform such other duties on behalf of Plaintiffs and the proposed classes as necessary or incidental to the proper coordination and execution of pretrial activities or as authorized by Court order.

s/Cathy L. Waldor
**Hon. Cathy L. Waldor**
**United States Magistrate Judge**

cc: Hon. Julien X. Neals, U.S.D.J.